1  David P. Beitchman, SBN 198953
   Ryan Cadry, SBN 290164
2  **BEITCHMAN & ZEKIAN, P.C.**
   16130 Ventura Blvd., Suite 570
3  Encino, California, 91436
   Telephone: (818) 986-9100
4  Facsimile:  (818) 986-9119
   dbeitchman@bzlegal.com
5

6
   Attorney for Plaintiff 2Tee Couture, Inc.,
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10
                                          )  Case No.:
11  2TEE COUTURE, Inc., a corporation,    )
                                          )
12              Plaintiff,                )  **PLAINTIFF'S COMPLAINT**
                                          )  **AGAINST DEFENDANTS FOR:**
13      vs.                               )
                                          )  **(1) TRADE DRESS**
14                                        )  **INFRINGEMENT (LANHAM ACT,**
    BY TOGETHER, aka YOU & I, BY          )  **15 U.S.C. § 1051** *et seq.***)**
15  TOGETHER, a corporation; DONNA        )
    JUNG, an individual; and DOES 1       )  **(2) INTENTIONAL**
16  through 30.                           )  **INTERFERENCE WITH**
                                          )  **PROSPECTIVE ECONOMIC**
17              Defendants.               )  **ADVANTAGE;**
                                          )
18                                        )  **(3) UNFAIR COMPETITION (CAL**
                                          )  **BUS. PROF. CODE §17200** *et. seq.***)**
19                                        )
                                          )  **[DEMAND FOR JURY TRIAL]**
20                                        )
                                          )
21                                        )
                                          )
22                                        )

23  _____

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

---
-1-
**COMPLAINT FOR DAMAGES**

## I. PRELIMINARY ALLEGATIONS

1. Plaintiff 2TEE Couture, Inc., ("2TEE" or "PLAINTIFF") is, and at all relevant times was, is a corporation duly organized and existing under the laws of the state of California and conducting business within the State of California, County of Los Angeles. 2TEE is in the business of designing women's clothing, and nationally wholesaling and retailing the same through various stores, and through its website, 2TEECouture.com. Sigal Levy is an individual residing in Los Angeles, California. Levy is the founder, owner and operator of 2TEE Couture.

2. PLAINTIFF is informed and believes and thereupon alleges that Defendant By Together, aka You & I, By Together (hereinafter "BT" or "Defendant"), is a Texas corporation, with its principal place of business in Dallas, Texas. BT is in the business of designing women's clothing, and nationally wholesaling the same through its website, "ByTogether.com". BT also maintains an outlet store in Dallas, Texas.

3. PLAINTIFF is informed and believes, and thereupon alleges, that Defendant Donna Jung is an individual residing in Dallas, Texas.

4. PLAINTIFF is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 30, inclusive. PLAINTIFF is informed and believes, and thereon alleges, that each fictitious defendant was in some way responsible for, participated in, or contributed to the matters and things of which PLAINTIFF complains herein, and in some fashion has legal responsibility therefore. When the exact nature and identity of such fictitious defendants' responsibility for, participation in, and contribution to the matters and things herein alleged is ascertained by PLAINTIFF, PLAINTIFF will seek to amend this Complaint and all proceedings herein to set forth the same.

## II. JURISDICTION AND VENUE

5. This is an action for the infringement of trade dress brought pursuant to the Lanham Act of 1946, 15 U.S.C. §1051, *et seq* and related claims of unfair

-2-
**COMPLAINT FOR DAMAGES**

competition under the statutory and common law of the State of California. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §§1331, 1338, and 1367. Furthermore, this court has diversity jurisdiction pursuant to 28 U.S.C §1332. Finally, this Court has personal jurisdiction over Defendants as they all transact business in the State of California, and substantial part of the events giving rise to the claims alleged herein occurred in the State of California.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claims alleged herein occurred in this district.

### III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. PLAINTIFF 2TEE is a Los Angeles-based clothing designer. It designs a variety of bohemian-style tops, bottoms and dresses that are ultimately marketed to younger women. 2TEE's clothing lines are distinctive in style, design, size, shape, texture, graphics, and color combinations. These distinctive features are purely ornamental, and serve no functional purpose.

8. After 2TEE's designers spend considerable amounts of time, effort and expense in carefully designing certain apparel, 2TEE contracts the services of vendors in the United States, where its clothing styles are manufactured and produced in mass. The end product is then marketed and sold through 2TEE's website, and also retailed through a variety of stores across the United States.

9. In order to allow its potential customers to consider all available options in purchasing different types of clothing fashions according to individual preference, 2TEE's website thoroughly catalogs all of its existing clothing styles, including variations in color and design. Therefore, by simply visiting PLAINTIFF's website, a potential customer may consider all of the styles and fashions that are designed by 2TEE. The website also allows potential customers to make online purchases.

10. This action stems from the unprincipled businesses practices of a clothing designer and wholesaler based in Dallas, Texas. Defendant Donna Jung ("JUNG") was employed by PLAINTIFF as an assistant to Sigal Levy ("LEVY"), 2TEE's principal. As an assistant, JUNG retained unfettered access to confidential information including, but not limited to, the following: customer contacts, invoices, sales reports, customer reports, annual sales figures, unit prices, unit designs, and unit inspirations. In addition, she had unencumbered access to information about 2TEE's vendors, including the name of individual liaisons who had a close working relationship with 2TEE.  After having no longer worked for PLAINTIFF, JUNG secured a position as designer and production coordinator for Defendant BT. PLAINTIFF is informed and believes that JUNG is currently employed by BT.

11. In or around August 2014, LEVY learned through various sources that 2Tee's clothing styles and designs were being mimicked by BT, and sold by BT for prices that were significantly lower than those advertised by PLAINTIFF. Upon reasonable suspicions of trade dress infringement, LEVY visited and thoroughly browsed BT's website and social media pages to confirm reports of the same. Her investigations revealed that BT was, in fact, selling items of clothing that were <u>nearly identical in style and design</u> to those that were designed, produced, and marketed by 2TEE. The following is a non-exhaustive list of styles that were imitated by BT:

    a. <u>**Exhibit "A"**</u>: PLAINTIFF's style, labeled "Bridget Top," wholesaled for $68.00. It features a crochet trim and asymmetrical ruffled sleeves.

        i. <u>Exhibit "A1"</u>: BT's nearly-identical style (identification no. MI-D3383)

    b. <u>**Exhibit "B"**</u>: PLAINTIFF's style labeled "Olivia," wholesaled for $38.00. It features a chiffon lined dress features bell sleeves trimmed with scalloped crochet.

        i. <u>Exhibit "B1"</u>: BT's nearly-identical style (identification no.

MI-T8612)

c. **Exhibit "C"**: PLAINTIFF's style, labeled "Jasmin Top", wholesaled for $74.50. It features a shoulderless belled-sleeved tunic, as well as a crochet trim along the body, sleeves and hem.
   i. **Exhibit "C1"**: BT's nearly-identical style (identification no. MI-D3386)

d. **Exhibit "D"**: PLAINTIFF's style, labeled "Savanna," wholesaled for $48.50. It is a woven oversized scoop neck top, featuring an unbalanced hemline and three-quarter flared sleeves with venice-crocheted trim on the hemline.
   i. **Exhibit "D1"**: BT's nearly-identical style (displayed during a runway show on August 14, 2014, in Atlanta, GA)

e. **Exhibit "E"**: PLAINTIFF's style, labeled "Janice", featuring a fringe trim, and adjustable neck line that can be worn on or off shoulders
   i. **Exhibit "E1"**: BT's nearly-identical style (identification no. MI-D3232)
   ii. **Exhibit "E2"**: BT's nearly-identical style (identification no. MI-T8613)
   iii. **Exhibit "E3"**: BT's nearly-identical style (also identified as MI-18613-E6)
   iv. **Exhibit "E4"**: BT's nearly-identical style (identification no. MI-18613)
   v. **Exhibit "E5"**: BT's nearly-identical style (identification no. unknown)

f. **Exhibit "F"**: PLAINTIFF's styles, labeled "Ally", featuring a v-neck chiffon top, flowy sleeves and detailed ruffle cuffs
   i. **Exhibit "F1"**: BT's nearly-identical style (identification no. MI-1843WPP)
   ii. **Exhibit "F2"**: BT's nearly-identical style (identification no.

MI-18341CP)

g. **Exhibit "G"**: PLAINTIFF's style, labeled "Liu", also features shoulderless belled-sleeved tunic, as well as a crochet trim along the body, sleeves and hem.

    i. <u>Exhibit "G1"</u>: BT's nearly-identical style, displayed at a Dallas runway show.

    ii. <u>Exhibit "G2"</u>: BT's nearly-identical style, (identification no. MI-D3388)

12. For purposes of diligence, one of the PLAINTIFF's managers had inquired with an employee at Mi in Fashion, Inc., ("MI") a Los Angeles-based vendor who had manufactured the styles described in paragraph 8, *supra*. The employee at MI explained to PLAINTIFF's manager that JUNG had produced images that were gleaned from PLAINTIFF's website and social media pages, and that JUNG thereafter engaged the services of MI to manufacture clothing styles that were the same as those appearing in the images.

## COUNT I
### (Trade Dress Infringement under 15 U.S.C. § 1051 et seq.)
### (Against Defendants Donna Jung and By Together)

13. PLAINTIFF hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above as though fully set forth herein.

14. PLAINTIFF has valid and protectable trade dress on all of the items that it designs and markets within its clothing line. All of the items in its clothing line, including those described in paragraph 8 above, include inherently distinctive styles, designs, shapes, sizes, color combinations, and texture, such that – in the minds of the public – the primary significance of these features is to not only identify the product itself, but also to identify the source of the product. Moreover, all of these clothing features are ornamental and purely nonfunctional in nature. These clothing designs were openly advertised on PLAINTIFF's website and social media pages.

15. Defendant BT's trade dress, as it is used in commerce, has the same

overall look and feel as that belonging to PLAINTIFF and is confusingly similar thereto. BT's infringing activity includes use of the same or confusingly similar garment designs and styles to those created by PLAINTIFF, and use of the same or confusingly similar promotional techniques as those employed by PLAINTIFF including, but not limited to, use of the same or similar color tones, same or similar graphic designs, same or similar layouts, same or similar photo backgrounds, same or similar themes, same or similar models, same or similar photo shoot hair and makeup, and same or similar product descriptions on their website, advertising publications and product packaging. Furthermore, both PLAINTIFF and BT market the same clothing designs to the same demographic across the United States.

16. Moreover, Defendant JUNG, in her capacity as designer and production coordinator for BT, vicariously infringed on PLAINTIFF's trade dress by intentionally inducing BT to infringe on the same. Upon information and belief, JUNG had exercised a great deal of control over the design and production of the clothing units that were marketed and sold by BT. Such units included the same distinctive shapes, colors, styles and designs as the clothing lines that were developed by PLAINTIFF.

### COUNT II
### (Misappropriation of Trade Secrets)
### (Against Defendants Donna Jung)

17. PLAINTIFF hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

18. As discussed above, defendant JUNG had access to customer contacts and lists, invoices, sales reports, customer reports, annual sales figures, unit prices, and unit inspirations. In addition, she had unencumbered access to information about 2TEE's vendors, including specific liaisons who had a close working relationship with 2TEE. None of this information was publicly available, nor otherwise readily ascertainable through public sources. Moreover, this information was not generally known to the public.

19. The secrecy surrounding this information derives independent economic

value insofar as it provided 2TEE with substantial business advantages over competitors who did not previously possess this information. During the course of JUNG's employment with 2TEE, LEVY had orally advised JUNG of the secret nature of this information. Furthermore, 2TEE undertook all reasonable efforts to maintain the secrecy of its Confidential Information, including requiring its employees and independent contractors to acknowledge that they will not disclose confidential information except as necessary in the course and scope of their work for 2TEE. Such Confidential Information constitutes trade secrets within the meaning of Section 3426.1 of the California Civil Code.

20. PLAINTIFF is informed and believes that, after having no longer working for 2TEE, JUNG later begun work as a production coordinator and designer for BT. At some point during her employment with BT, JUNG had disclosed PLAINTIFF's trade secrets without 2TEE's express or implied consent. JUNG knew or had reason to know that the knowledge of the information listed above gave rise to a duty to maintain its secrecy and to limit its use only to the purpose of advancing 2TEE's business interests.

21. The aforementioned conduct constitutes misappropriation of 2TEE's trade secrets and violates Sections 3426 *et seq.* of the California Civil Code. As a direct and proximate result of JUNG's conduct, 2TEE has suffered - and will continue to suffer - damages to its business and goodwill in an amount yet to be determined.

22. Pursuant to Section 3246.2 of the California Civil Code, 2TEE is entitled to an injunction to prohibit JUNG and all other Defendants from using, disclosing, and/or otherwise benefitting from 2TEE's trade secrets, to eliminate any commercial advantage to JUNG and to all other defendants which may otherwise derive from their misappropriation, and to require JUNG and all other defendants to immediately return to 2TEE all information, documents, and any other materials which they have wrongfully obtained.

23. In performing the conduct described herein, JUNG and all other defendants acted willfully and maliciously, intending to injure 2TEE and to wrongfully advantage themselves at 2TEE's expense and detriment. Pursuant to Section 3426.3 of

the California Civil Code, 2TEE is entitled to an award of punitive and exemplary damages against defendant JUNG, sufficient to punish and deter her from engaging in such conduct in the future, in an amount to be ascertained at trial.

### COUNT III
### (Unfair Competition under Cal. Bus. Prof. Code § 17200 *et seq.*)
### (Against Defendant By Together)

24. PLAINTIFF hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25. 2TEE is informed and believes and on that basis thereon alleges that BT'S infringement of 2TEE's trade dress, as well as its use of the Confidential Information obtained without its consent, to compete against 2TEE as described herein constitutes unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code and California common law.

26. As a direct and proximate result of defendants' wrongful acts, 2TEE has suffered and will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, 2TEE's remedy at law is not adequate to compensate for injuries inflicted by defendants. Accordingly, 2TEE is entitled to temporary, preliminary and permanent injunctive relief.

27. By reason of such wrongful acts, BT is and was, and will be in the future, deprived of the profits and benefits of said business relationships, agreements, and transactions with various existing clients and customers, and prospective clients and customers, and defendants have wrongfully obtained such profits and benefits in an amount to conform to proof at trial, but in no event less than the jurisdictional minimum of this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray this Court for and request relief as follows:

**ON THE FIRST COUNT**

1. For temporary, preliminary and permanent injunctive relief to enjoin Defendants JUNG and BT from the following:

**COMPLAINT FOR DAMAGES**

    a. Prohibiting Defendants from producing and marketing units of clothing that are nearly identical in design and style to those that were designed by 2TEE, including, but not limited to those styles described in paragraph 9, *supra*;

    b. Prohibiting BT from competing against 2TEE for so long as it is reasonably necessary to prevent each of them from reaping and/or gaining any unfair advantage or other benefit as a direct or proximate result of its trade dress infringement.

2. For damages in the amount to be proven at trial;
3. For interest thereon at the legal rate;
4. For cost of suit, and
5. For such other further relief as this Court may deem just and proper.

## ON THE SECOND COUNT

1. For temporary, preliminary and permanent injunctive relief to enjoin Defendants JUNG and BT from the following:

    a. Prohibiting Defendants from using, disclosing or otherwise transferring 2TEE's confidential information, and any other materials taken from 2TEE without its consent, and to require Defendants, and each of them, to immediately return all such materials and information to 2TEE;

    b. Prohibiting BT from competing against 2TEE for so long as it is reasonable necessary to prevent each of them from reaping and/or gaining any unfair advantage or other benefit as a direct or proximate result of their unlawful conduct, including the misappropriation of confidential information and trade secrets;

    c. Prohibiting defendants from soliciting business or any other corporate opportunities from any customers, potential customers, or investors derived as a result of confidential information wrongfully misappropriated from 2TEE by JUNG.

2. For damages in the amount to be proven at time of trial;
3. For interest thereon at the legal rate;
4. For punitive damages;
5. For cost of suit, including reasonable attorney's fees; and
6. For such other further relief as this Court may deem just and proper.

**ON THE THIRD COUNT**

1. For damages in the amount to be proven at time of trial;
2. For interest thereon at the legal rate;
3. For cost of suit, including reasonable attorney's fees; and
4. For such other further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

DATED: October 1, 2014                            BEITCHMAN & ZEKIAN, P.C.

                                                  By _____
                                                     David P. Beitchman
                                                     Attorney for PLAINTIFFS

-11-
COMPLAINT FOR DAMAGES